Jodi E. Lopez (SBN 231117)
jlopez@sidley.com
SIDLEY AUSTIN LLP
555 West 5th Street
Los Angeles, CA 90013
Telephone: +1 (213) 896-6000
Facsimile: +1 (213) 896-6600

Attorneys for Applicant
BEACON SALES ACQUISITION, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE *EX PARTE* APPLICATION OF BEACON SALES ACQUISITION, INC. FOR AN ORDER GRANTING LEAVE TO ISSUE SUBPOENAS PURSUANT TO 28 U.S.C. § 1782<br><br>Applicant. | Case No.<br><br>**DECLARATION OF KYUNGHOON LEE**<br><br>Date:  July 25, 2019<br><br>Application, Memorandum of Law, Declaration of James W. Ducayet, Affidavit of D. Jenkins, and [Proposed] Order Filed Concurrently |

I, Kyunghoon Lee, declare under penalty of perjury as follows:

1. I am a partner at the law firm of Lee & Ko in Seoul, Korea. I am registered to practice law in the Republic of Korea and represent Allied Building Products Corp. ("Allied") in the case captioned *S-Energy America, Inc. v. Allied Building Products Corp.*, Case No. 2018Gahap585603 ("Korean Litigation") pending in the Seoul Central District Court, Republic of Korea. In 2018, Allied became part of Beacon Sales Acquisition, Inc. ("Beacon") as a result of the merger of Allied with and into Allied Building Products LLC, and the subsequent merger of Allied Building Products LLC with and into Beacon.

2. I make this declaration based on my personal knowledge. I submit this Declaration in support of Beacon's Application for an Order Granting Leave to Issue Subpoenas Pursuant to 28 U.S.C. § 1782 (the "Application"), which Beacon brings as Allied's successor in interest.

3. The laws of the Republic of Korea do not provide for pre-trial discovery of factual information in the possession of a third party, except under limited circumstances. Pre-trial discovery, as it is conducted in the United States, is not available in Korea. Korean courts permit a pre-trial discovery process in cases where there is a threat that evidence may become unavailable unless the evidence is preserved.

4. To conduct pre-trial discovery in Korean litigation, the relevant evidence and witness must be in Korea. The laws of the Republic of Korea do not provide for compulsory discovery from a resident of or entity in the United States.

5. Moreover, the laws of the Republic of Korea generally do not allow for pre-trial discovery even of parties to litigation.

6. Furthermore, under Article 345 of the Civil Procedure Act, a party can generally request submission of a document to a Korean court only on a restricted basis (e.g., only if, among other things, it can identify the document and its custodian). Allied is not able to identify documents in S-Energy's possession with the level of specificity required by the Civil Procedure Act. Therefore, Allied will not be able to obtain *any* pre-trial discovery without the aid of 28 U.S.C. § 1782.

7. If the Court were to grant Beacon's application, and S-Energy and/or Sam Youn were to produce documents or give testimony, it is highly likely the Korean courts would consider that information. The laws of the Republic of Korea do not prohibit the use of information obtained from discovery in the United States. Such information instead is treated as any other evidence that a party may submit to the Korean courts. Moreover, the Republic of Korea has acceded to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters and frequently requests assistance

DECLARATION OF KYUNGHOON LEE

1  from the United States under that treaty.[1]

2      8.    Under the laws of the Republic of Korea, the admissibility of evidence is generally within the trial court's discretion. Based on the relevance and materiality of the information sought in this application, however, it is highly likely that the Court would exercise its discretion and admit the evidence produced in response to U.S. subpoenas.

    Pursuant to 28 U.S.C. § 1746(1), I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

    Executed on this 24th day of July, 2019 in Seoul, Korea.

                                      Kyunghoon Lee

---

[1] It should further be noted that, while Korea has acceded to the Hague Convention, it did so on a reserved basis with regard to pre-trial discovery (i.e., that it will not execute a Letter of Request issued for the purpose of obtaining pre-trial discovery of documents, Article 23 of the Hague Convention). As such, even though the evidence obtained in pre-trial discovery will likely be accepted by the Korean court, Allied will not be able to make the request for pre-trial discovery through the Korean court and will have to rely on 28 U.S.C. § 1782.

3
DECLARATION OF KYUNGHOON LEE